UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAVON TYVELL BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16-CV-288 RM |
| v. | ) |
| | ) |
| COMMISSIONER, INDIANA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Shavon Tyvell Boyd, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Last year, Mr. Boyd sued several individuals for violating his First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") rights. Boyd v. Commissioner, Case No. 3:15-CV-82 (N.D. Ind. filed February 4, 2015). Mr. Boyd hadn't exhausted his administrative remedies and many of those claims were dismissed without prejudice. (Case No. 3:15-CV-82, DE 61). He now brings those previously dismissed claims here and has included an Eighth Amendment claim against Captain Lewis for depriving him of food for five days. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

-1-

1915A.

Mr. Boyd is an inmate at the Westville Correctional Facility. He alleges that he is a practicing "Black Jew" who was raised to follow Hashem's commandments, as outlined in Leviticus and Deuteronomy of the Tanakh (Hebrew Bible). Mr. Boyd believes he will be punished for not obeying Hashem's commandments. These religious beliefs and practices include showering before eating and after using the toilet, praying regularly, and possessing religious material, including a prayer rug, prayer cap and Tanakh. He alleges the defendants have prevented him from exercising these religious beliefs and practices.

Prisoners enjoy a right to exercise their religion under the First Amendment. Vinning-El v. Evans, 657F.3d 591, 592-93 (7th Cir. 2011). This right is "subject to limits appropriate to the nature of prison life." Id. Restrictions that limit the exercise of religion are allowed if they are reasonably related to legitimate penological objectives, including security and economic concerns. Turner v. Safley, 482 U.S. 78, 89–91 (1987); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009).

Inmates are entitled to broader religious protection under RLUIPA. Holt v. Hobbs, 135 S. Ct. 853 (2015). The statute provides in pertinent part:

> No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
>     (1) is in furtherance of a compelling governmental interest; and
>     (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). A "substantial burden" on religious exercise is "one that necessarily

bears direct, primary, and fundamental responsibility for rendering religious exercise. . . effectively impracticable." Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th Cir. 2003). RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety . . . [and] an accommodation must be measured so that it does not override other significant interests." Cutter v. Wilkinson, 544 U.S. 709, 722 (2005). Courts must apply RLUIPA "with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id. at 723. RLUIPA can be used to obtain injunctive relief, but it doesn't provide a cause of action for money damages against state prison officials. Sossamon v. Texas, 131 S.Ct. 1651 (2011).

First, although Mr. Boyd has named IDOC Commissioner Bruce Lemmon as a defendant, there are no allegations in the complaint against him. The inclusion of Bruce Lemmon as a defendant in this case seems to be an oversight. This case is essentially re-filing claims that were dismissed without prejudice in Case No. 3:15-cv-082. None of those dismissed claims were against Bruce Lemmon. In Case No. 3:15-cv-082, Mr. Boyd was given leave to proceed on an injunctive relief claim against Bruce Lemmon, seeking kosher meals containing kosher meats under RLUIPA. That claim was decided on the merits and not re-filed here. In any event, there is no claim plausibly alleged against Commissioner Lemmon and he will be dismissed.

Next, Mr. Boyd claims that David Liebel, the Religious Director for IDOC, violated

his First Amendment and RLUIPA rights by directing chaplains to prevent him from praying in the dorm and from bathing before consuming food and after using the bathroom, as required by his religion. David Liebel has been sued in his official capacity as the Director of Religious and Volunteer Services at the IDOC. Disallowing Mr. Boyd to engage in prayer without a compelling governmental interest would violate the First Amendment and RLUIPA, see Lindh v. Warden, Federal Correctional Institute, Terre Haute, Ind., No. 2:09-CV-215, 2013 WL 139699 (S.D. Ind. January 11, 2013), and not allowing him to engage in specific, meaningful acts of religious expression, such as washing as required by his religion, can violate RLUIPA. Meyer v. Teslik, 411 F.Supp.2d 983, 989 (W.D. Wisc. 2006). Giving Mr. Boyd the inferences to which he is entitled at this stage, he has stated a claim against David Liebel in his official capacity.

Next, Mr. Boyd claims Sgt. Johnson violated his First Amendment and RLUIPA rights by destroying his sacred religious materials and for threatening to issue him a conduct report if he is caught praying in the dorm. Sgt. Johnson has been sued in both her official and individual capacities. Since the alleged actions could plausibly substantially burden Mr. Boyd's practice of his religion and his right to engage in specific acts of meaningful religious expression, Mr. Boyd has pleaded a First Amendment and RLUIPA claim against Sgt. Johnson. Because "public employees are responsible for their own misdeeds," Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009), Mr. Boyd has stated a claim against Sgt. Johnson in her individual capacity. But an official capacity claim requires more. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official

but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) allows suits against municipalities based on a policy, practice, or custom. There is no allegation that Sgt. Johnson was any sort of policymaker or was carrying out any policy. Mr. Boyd can't maintain an official capacity claim against Sgt. Johnson.

Next, Mr. Boyd claims Sharon Hawk, director of Therapeutic Community, violated his First Amendment and RLUIPA rights by directing staff of Therapeutic Community not to allow him to pray in the dorm and to prevent him from showering after using the bathroom. Ms. Hawk is sued in both her official and individual capacities. According to Mr. Boyd, Ms. Hawk did this because she didn't want him to exercise his religion while being a part of her program. These allegations are sufficient to establish both a First Amendment and RLUIPA claim against Ms. Hawk in her individual capacity. See Lindh v. Warden, 2013 WL 139699 at *11. And because she was solely in charge of Therapeutic Community, a federally funded program designed to help offenders with drug addiction problems and established its policies, Mr. Boyd has also stated a claim against her in her official capacity.

Mr. Boyd claims Chaplains Ungrodt and Green violated his First Amendment and RLUIPA rights by depriving him of the opportunity to shower before eating and after using the restroom, the opportunity to pray in the dorm, and to possess religious material, which has imposed a substantial burden on his ability to exercise his religion. Mr. Boyd is already proceeding on these claims against Chaplain Ungrodt in Case No. 3:15-cv-82.

Bringing the same claims against Chaplain Ungrodt in this case is duplicative and unnecessary. The claims against Chaplain Ungrodt will be dismissed in this case so that Mr. Boyd can continue to pursue them in Case No. 3:15-cv-82.

Chaplain Green has been sued in his official and individual capacities. Mr. Boyd alleges Chaplain Green is discriminating against him because he does not believe "Black Jews" are a true religion. Although further factual development might show otherwise, Mr. Boyd has stated enough against Chaplain Green in his individual capacity to proceed past the pleading stage. *See* Ortiz v. Downey, 561 F.3d 664, 669-670 (7th Cir. 2009) (inmate stated claim based on his allegation that prison denied him religious articles without adequate penological justification). There are no allegations Chaplain Green was in charge of the religious programing at the IDOC or that he established the prison's religious policies. Because of that, Mr. Boyd hasn't stated a claim against Chaplain Green in his official capacity.

Finally, Mr. Boyd claims Captain Lewis violated his Eighth Amendment rights by denying him a kosher diet for five days in January 2016. Mr. Boyd alleges that Captain Lewis did this because Mr. Boyd didn't provide him with information about things that were happening in the dorm. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. Id. at 832; see also Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (prisoners have a right to nutritionally adequate diet). Giving Mr. Boyd the benefit of the inferences to which he is entitled at the pleading stage, he has stated a claim against Captain Lewis, who is alleged to have personal knowledge of his dietary needs and to have ensured that he wasn't provided an adequate diet in accordance with this restriction, which resulted in injury to him.

For these reasons, the court:

(1) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against David Liebel in his official capacity for injunctive relief seeking the right to be permitted to practice his religious beliefs and practices which include the ability to pray in the dorm, wash three times a day before consuming food, and wash after using the toilet pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(2) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sgt. Johnson in her individual capacity for compensatory and punitive damages for substantially burdening the practice of his religion by denying him the right to possess religious materials and to pray in the dorm in violation of the First Amendment;

(3) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sgt. Johnson in her individual capacity for injunctive relief for substantially burdening

the practice of his religion by denying him the right to possess religious materials and to pray in the dorm in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(4) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sharon Hawk in both her official and individual capacities for compensatory and punitive damages for substantially burdening the practice of his religion by denying him the right to possess religious materials and to pray in the dorm pursuant to the First Amendment;

(5) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Sharon Hawk in both her official and individual capacities for injunctive relief seeking the right to be permitted to practice his religious beliefs and practices which include the ability to pray in the dorm, wash three times a day before consuming food, and wash after using the toilet pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ;

(6) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Chaplain Green in his individual capacity for compensatory and punitive damages for substantially burdening the practice of his religion by denying him the opportunity to shower before eating and after using the toilet, the opportunity to pray in the dorm, and to possess religious material in violation of the First Amendment;

(7) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against

Chaplain Green in his individual capacity for injunctive relief seeking the right to be permitted to practice his religious beliefs and practices which include the ability to pray in the dorm, wash three times a day before consuming food, wash after using the toilet, and possess religious material, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a);

(8) GRANTS Shavon Tyvell Boyd leave to proceed on a claim against Captain Lewis in his individual capacity for compensatory and punitive damages for denying him adequate nutrition in January 2016 in violation of the Eighth Amendment;

(9) DISMISSES Bruce Lemmon and Chaplain Ungrodt from this case;

(10) DISMISSES all other claims;

(11) DIRECTS the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on David Liebel, Sgt. Johnson, Sharon Hawk, Chaplain Green, and Captain Lewis; and

(12) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that David Liebel, Sgt. Johnson, Sharon Hawk, Chaplain Green, and Captain Lewis respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July 11 , 2016.        /s/ Robert L. Miller, Jr.
                                Judge
                                United States District Court